OPINION
Appellants David and Christina Zickefoose appeal the decision of the Richland County Court of Common Pleas, Juvenile Division, that granted permanent custody of their son, Brandon Zickefoose, to Appellee Richland County Services Board ("Agency"). The following facts give rise to this appeal.
On December 23, 1997, Appellant Christina Zickefoose gave birth to Brandon Zickefoose, at twenty-eight weeks gestation. At birth, Brandon suffered from health problems, including hydrocephaly and cleft palate. Following his birth, he was immediately transferred to Columbus Childrens Hospital where he received a right VP shunt. Brandon remained in the hospital until March 11, 1998. Brandon returned to the hospital on April 15, 1998, at which time he was diagnosed as failing to thrive. Brandon also had a greatly increased head circumference. Two days later, doctors inserted a left VP shunt. Brandon remained in the hospital until May 5, 1998. During his stay, appellants visited Brandon infrequently and only at the urging of the medical staff.
After his release from the hospital, appellants requested that Brandon's care be transferred to Akron Childrens Hospital. At Akron, appellants missed numerous scheduled appointments. During surgery in September 1998, to repair his lip and nose, appellants left the hospital while Brandon was still in surgery. Brandon was scheduled to undergo palate repair surgery in March 1999, however, appellants failed to have the necessary pre-operative blood work done. At that point, the Agency intervened and on March 23, 1999, the trial court granted the Agency emergency custody of Brandon. Following a hearing conducted on April 22, 1999, the trial court granted temporary custody to the Agency on June 17, 1999.
The Agency filed a motion for disposition on January 10, 2000, requesting permanent custody of Brandon because appellants made only minimal progress in complying with their case plan and the Agency did not expect to reunify Brandon with appellants within the next six months. The magistrate conducted a hearing on the Agency's motion on July 19, 2000. On September 5, 2000, the magistrate filed her decision in which she granted permanent custody of Brandon to the Agency. Appellants filed objections to the magistrate's decision on September 11, 2000. The trial court issued a judgment entry on October 12, 2000, overruling appellants' objections and adopting the magistrate's decision.
Appellants timely filed a notice of appeal and set forth the following assignment of error for our consideration:
 I. THE TRIAL COURT'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellants contend, in their sole assignment of error, that the trial court's decision to grant permanent custody to the Agency is against the manifest weight of the evidence. We disagree.
Before a trial court may terminate parental rights with regard to a child who is neither abandoned or orphaned, it must find by clear and convincing evidence that: (1) it is in the best interest of the child to be placed in the permanent custody of the moving agency, based on an analysis under R.C. 2151.414(D), and (2) that the child cannot be placed with either parent, based on an analysis under R.C. 2151.414(E).
In applying the manifest weight standard of review, our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries
(Feb. 10, 1982), Stark App. No. CA-5758, unreported. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279,281. It is based on this standard that we review appellants' sole assignment of error.
Under R.C. 2151.414(B)(1):,
 * * * the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
* * *
 (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
In determining the best interest of a child, R.C. 2151.414(D) provides:
 * * * the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in division (E)(7) to (11) of this section apply in relation to the parents and child.
In the case sub judice, the trial court found, pursuant to R.C.2151.414(B)(1)(d), that Brandon has been in the temporary custody of the Agency for twelve or more months of a consecutive twenty-two month period. As to the issue of best interest, the trial court stated that it considered the factors contained in R.C. 2151.414(D) and concluded that it was in Brandon's best interest to be placed in the permanent custody of the Agency. However, a best interest determination is not sufficient to grant permanent custody.
Under R.C. 2151.414(E), the trial court must also consider certain factors in determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. In doing this, the trial court found the following factors applicable:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home;
 (2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 * * * of the Revised Code.
* * *
 (8) The parent has repeatedly withheld medical treatment or food from the child when the parent has the means to provide the treatment or food, and, in the case of withheld medical treatment, the parent withheld it for a purpose other than to treat the physical or mental illness or defect of the child by spiritual means through prayer alone in accordance with the tenets of a recognized religious body.
* * *
(16) Any other factor the court considers relevant.
The trial court found the other relevant factor under R.C. 2151.414(E) to be Brandon's serious medical needs.
We find the record contains clear and convincing evidence to support the trial court's finding that it was in the best interest to grant the Agency's motion for permanent custody and to terminate appellants' parental rights. Brandon is currently diagnosed with cerebral palsy which will require physical and occupational therapy. He requires ongoing medical treatment for his ears and eyes, potentially requiring further surgery. Brandon also has significant physical and developmental delays that require intervention and therapy. It is anticipated that he will require additional surgery at age six for a palatial expansion; age eight, for a bone graft; age twelve, for jaw and orthodontic treatment; age fourteen to sixteen, for his nose and continued neurosurgical monitoring of his shunts for infection or revision. Brandon also suffers from chronic bowel problems. Brandon is mentally retarded and it is not expected that he will be able to function independently as an adult.
The record also indicates that appellants have limited cognitive skills. Appellant David Zickefoose's overall level of intellectual functioning falls in the borderline range with an IQ of 71. Appellant Christine Zickefoose's overall level of functioning also falls in the borderline range with an IQ of 75. Appellants are unlikely to be able to engage in abstract reasoning and to grasp the importance of proper medical care, safety, or nutrition for Brandon. Appellants' cognitive limitations make them unable to apply principles they learn in parenting class to understand the importance of the medical procedures required to care for Brandon. This is evidenced by the fact that appellants' case plan required the use of a consistent feeding schedule for Brandon with a specialized nipple and feeding technique. Appellants were also required to keep a log of the feeding schedule. However, despite repeated instruction, appellants lacked consistent, independent follow through which contributed to his failure to thrive.
Appellants have also had difficulty maintaining the basic needs for the family even though they have sufficient income to do so. Appellants have two other children: Shelby, born in May 1997, and Melissa, born in June 2000. Shelby suffers from developmental delays. Appellants have no telephone and were twice evicted from their residences. However, they have maintained their present residence for one year. There have been repeated problems with the residence being unacceptably dirty. Appellant Christine Zickefoose does not have a driver's license nor does she have alternative transportation. It is this lack of transportation that has resulted in the many missed doctors' appointments and scheduled visitation appointments with Brandon. Also, appellants have been consistently uncomfortable with receiving help from service agencies.
Based upon the foregoing and the entire record in this matter, we find the trial court's decision to grant permanent custody of Brandon, to the Agency, is supported by the manifest weight of clear and convincing evidence.
Appellants' sole assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Richland County, Ohio, is affirmed.
Wise, J. Gwin, P.J., and Farmer, J., concur.